### R. McK. ORMSBY v. LEWIS GILMAN.

#### Assumpsit on promissory note. Defense.

The fact that a note was purchased and put in suit for the purpose of harassing the defendant, is no defense to an action brought to recover the value of the note.

ASSUMPSIT upon a promissory note for $63, executed by Lewis Gilman, the defendant, and made payable to R. McK. Ormsby, the plaintiff, the note was transferred by the plaintiff to one Thomas Murphy, who afterwards sold it to one Alvan Taylor, who is the plaintiff in interest, in the present suit.

The defendant plead in bar, and set forth in his plea, that said Taylor was the plaintiff in interest in this suit, and that the note was purchased by the said Taylor, for the purpose of putting it in suit, and thereby harassing the defendant; that neither said Ormsby nor said Murphy would have sued said note had it remained in their hands.

To this plea there was a general demurrer.

The county court, June term, 1851, COLLAMER, J., presiding, rendered judgment that the plea in bar is insufficient in law, and rendered judgment for plaintiff. Exceptions by defendant.

*R. McK. Ormsby* for defendant.

The purchase of the note in suit is in defiance of our statute and the suit should not be sustained. See Comp. Stat. 494, § 12.

The plaintiff of record has no interest in this suit; if the suit be upheld, it will be for the benefit of Taylor, the plaintiff of record being his trustee.

But Taylor's interest is entitled to no protection; it is a transaction prohibited by the statute.

Further, at common law, the suit would not be upheld, it comes within the common law definition of maintenance, or *champerty*, a species of maintenance. See 3 Black Com. 135 ; *Bell* v. *Smith*, 5 B. & C. 188.

The illegality of a transfer is a good defense to an action in the name of the indorsee. See 1 Starkie's Rep. p. 385. *Snow* v. *Conant*, 8 Vt. 301.

*J. W. D. Parker* and *S. Austin* for plaintiff.

The terms of the note gave the payee the right to transfer it, and its being transferred did not in any way lessen the defendant's liability to pay it.

It is wholly immaterial whether Ormsby or Murphy would have sued said note, had.it remained in their hands ; if they had a lawful right to do so, no good reason exists why Taylor might not do the same.

When a negotiable note is transferred, the vendor gives the vendee the right to bring a suit in his name for the recovery of the money. *Bank of Burlington* v. *Beach*, 1 Aik. 62. *Smith* v. *Burton*, 3 Vt. 233. *Baxter* v. *Buck*, 10 Vt. 548. *Thrall* v. *Benedict et al.*, 13 Vt. 248. *Boardman* v. *Roger*, 17 Vt. 589.

It is immaterial with what motive a person does a legal act. Taylor had a right, by law, to sue for, and collect the money due upon the note, if the putting in force of this right had the effect " to harass the defendant," as alledged in the plea, it is " *damnum absque injuria*," and brought upon the defendant by his own fault. *Humphrey* v. *Douglass*, 11 Vt. 22.

BY THE COURT. The questions in this case arise upon a general demurrer to the defendant's plea.

The Comp. Stat. 594 Sec. 12, provides " that if any attorney or " other person, shall enter into any speculating practice, by pur- " chasing or procuring to be purchased, any note or other demand " for the purpose of putting the same in suit, when otherwise, the " owner or holder thereof, would not sue the same, he or they shall " pay a fine of sixty dollars." The demurrer in this case admits the facts stated in the plea, that this note was originally given to the plaintiff, and that it was transferred to one Murphy, and by

him to Alvan Taylor, who purchased the note for the purpose of putting the same in suit, and that this suit is now prosecuted by him as the plaintiff in interest, when it would not have been sued, if he had not purchased it.

If this suit had been commenced in the name of Alvan Taylor, whose title to the note depended upon such a contract, so that a judgment rendered for the plaintiff, would be a recognition, on the part of the court, of a legal title to the same in him, the questions which have been raised under this statute would have been directly involved. And it may be considered doubtful whether a mere purchase of a note with intent to sue it, disconnected from any other speculating practice would come within the provision of the act, or whether even, in such case, it would constitute a defense to an action on the note, or whether the remedy of the party is not given by an action on the statute, for the fine imposed. *Castle's case,* Cro. Jac. 644, cited in the case *State* v. *Wilkinson,* 2 Vt. page 488.

These are questions we are not called upon to decide, or express any opinion, as we entertain no doubt that when the note is sued in the name of the original payee of the note, the action can well be sustained, for there is no illegal act complained of, as between the maker and payee.

It does not become necessary for the plaintiff, in maintaining his right to sue on the note, or in tracing his title to the same to prove or rely upon the contract or purchase, set forth in the plea. And the court are not called upon to sustain or sanction a transfer of a note to the plaintiff by rendering a judgment thereon, when such transfer has been obtained under such circumstances.

It is to be observed that no question has been made in this case, by plea or otherwise, but that as between these parties the note was given upon a good and valuable consideration, that it is justly and equitably due, and that the defendant is under every moral obligation to pay it to any one who as plaintiff on the record makes a legal title to the note. It should be a case, therefore, free from any doubt that will warrant a court in deciding that no recovery can be had on the note, or in discharging the maker from such an obligation.

When the collection of the note, therefore, is sought to be enforced by the plaintiff as payee, against the defendant as maker,

his right to recover thereon, is unaffected by any facts or considerations which have been urged, arising under that statute, when they have arisen between third persons, who do not appear as parties on the face of the note, or on the record as parties to this · suit.

The result is, that the plea in bar is insufficient, and the judgment of the county court is affirmed.